UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KALDEN CONSTRUCTION COMPANY, INC.,

                                    Plaintiff,               DECISION AND ORDER

-v-

                                                    08-CV-6200 CJS

HANSON AGGREGATES NEW YORK, INC.,

                                    Defendant.

_____

APPEARANCES

For Plaintiff:                  Donald W. O'Brien, Jr., Esq.
                              Woods Oviatt Gilman LLP
                              Two State Street
                              700 Crossroads Building
                              Rochester, New York 14614

For Defendants:              John J. Marchese, Esq.
                              Colluci & Gallaher, P.C.
                              424 Main Street
                              2000 Liberty Building
                              Buffalo, New York 14202-3695

                              Timothy C. Wolfson, Esq.
                              Babst, Calland, Clements & Zomnir, P.C.
                              Two Gateway Center, 8th Floor
                              Pittsburgh, Pennsylvania 15222

INTRODUCTION

This is an action pursuant to, *inter alia*, the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.*, the New York Environmental Conservation Law ("ECL"), and New York State common law. Now before the Court are the following motions: 1) Defendant's motion to dismiss Plaintiff's second cause of

action and to strike paragraphs 29, 34, 39, 42 and 46 of the Complaint (Docket No. [#7]); and 2) Plaintiff's cross-motion to amend the Complaint (Docket No. [#15]). For the reasons that follow, Plaintiff's cross-motion to amend the complaint is granted, and Defendant's motion to strike and dismiss is granted in part and denied in part as follows: The motion to strike is denied as moot, and the motion to dismiss the second cause of action is granted.

BACKGROUND

Unless otherwise noted, the following facts are taken from Plaintiff's Complaint in this action. Plaintiff is the owner of real property ("the property") in the Town of Mendon, New York, which it purchased in 1977 from Defendant's predecessor in interest, the Potter-Dewitt Corporation ("Potter-Dewitt"). Unbeknownst to Plaintiff, some time prior to 1977, Potter-Dewitt had permitted a third party to dispose of over one hundred barrels of waste on the property. In 2005, Plaintiff discovered the barrels. The New York State Department of Environmental Conservation ("DEC") subsequently supervised the testing and cleanup of the property. Soil testing on the property indicated the presence of contaminants including chlorinated solvents, methylene chloride and acetone.

On May 2, 2008, Plaintiff commenced the instant action. The first cause of action is pursuant to CERCLA, and demands, *inter alia*, money damages for all "past and future response costs" associated with the contamination. The second cause of action is pursuant to Article 27 of the ECL, and also seeks damages for past and future response costs. The third, fourth, and fifth causes of action assert claims for negligence, strict liability, and indemnification, respectively, under New York common law, and demand money damages for remediation of the contamination.

2

On October 3, 2008, Defendant filed the subject motion to dismiss and to strike. (Docket No. [#7]). The motion to dismiss contends that ECL Article 27 does not allow a private right of action, and that Plaintiff's second cause of action must therefore be dismissed for failure to state a claim, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Defendant's motion to strike is directed at paragraphs 29, 34, 39, 42, and 46 of the Complaint. Paragraph 29 of the Complaint seeks, *inter alia*, damages for "the loss of property value and/or revenue as the result of Plaintiff's inability to develop" the property. According to Defendant, such damages cannot be recovered under CERCLA. Paragraphs 34, 39, 42, and 46 of the Complaint seek, under New York law, the same cleanup costs that Plaintiff is demanding in its CERCLA claim. According to Defendant, such relief is preempted by CERCLA.

In response to Defendant's motion, Plaintiff filed the subject cross-motion to amend the Complaint. (Docket No. [#15]). The proposed amended complaint amends paragraphs 29, 39, 42, and 46 to address Defendant's objections. Specifically, proposed amended paragraph 29 removes the demand for damages attributable to loss of property value/revenue, and proposed amended paragraphs 39, 42, and 46 add language clarifying that Plaintiff is seeking damages "that are not duplicative of damages recoverable under CERCLA." The proposed amended complaint also adds a cause of action for fraud, based on Potter-Dewitt's alleged concealment of the contamination. In addition to moving to amend the complaint, Plaintiff opposes Defendant's motion to dismiss the second cause of action, and maintains that a private cause of action may be brought under ECL Article 27.

Defendant filed reply papers, consenting to Plaintiff's proposed amended complaint, and withdrawing its motion to strike paragraphs 29, 39, 42, and 46 of the original compliant. However, Defendant reiterated that paragraph 28 of the proposed amended complaint, originally numbered as paragraph 34 in the original complaint, should be stricken since it still demands relief that is duplicative of the relief being sought under CERCLA. This point appears moot, however, because on May 20, 2009, during a telephone conversation, Plaintiff's counsel orally informed the Court that Plaintiff is not seeking any damages under the ECL that would be duplicative of damages that it recovers under CERCLA.[1] Defendant's reply also reiterates that Plaintiff's second cause of action fails to state a claim, because there is no private right to sue under ECL Article 27. Accordingly, the only issue remaining for the Court to resolve is Defendant's motion to dismiss Plaintiff's second cause of action for failure to state a claim.

DISCUSSION

As recently clarified by the U.S. Supreme Court, the standard to be applied to a 12(b)(6) motion is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

---

[1] As discussed further below, the dispute is also moot because the Court is dismissing Plaintiff's second cause of action.

*Bell Atl. Corp. v. Twombly*, No. 05-1126, 550 U.S.544, 127 S.Ct. 1955, 1964-65 (May 21, 2007); *see also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.), *reversed on other grounds, Ashcroft v. Iqbal*, — S.Ct. —, 2009 WL 1361536 (May 18, 2009). When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).[2]

Defendant's motion represents the Court's second opportunity to address whether the ECL provides a private right of action. Specifically, in *Emerson Enterprises, LLC v. Kenneth Crosby Acquisition Corp.*, No. 03-CV-6530 CJS, 2004 WL 1454389 at *9 (W.D.N.Y. Jun. 23, 2004), the plaintiff had brought claims under ECL Articles 37 and 27,

---

[2]"In considering a motion under Fed.R.Civ.P. 12(b)(6) to dismiss a complaint for failure to state a claim on which relief can be granted, the district court is normally required to look only to the allegations on the face of the complaint. If, on such a motion, matters outside the pleading are presented to and not excluded by the court, the court should normally treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56. . . . In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered. In addition, even if not attached or incorporated by reference, a document upon which the complaint solely relies and which is integral to the complaint may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citations and internal quotation marks omitted).

5

and the defendant moved to dismiss both claims, on the grounds that "the ECL provides no statutory basis for these causes of action." The Court denied the motion to dismiss the Article 37 claim. However, in doing so, the Court did not conclude that Article 37 provided a private right of action. Instead, the Court stated:

> [P]laintiff contends that the New York Supreme Court, Appellate Division, Second Department, recognized a private right of action under ECL Article 37 in *Berens v. Cook*, 263 A.D.2d 684 (2d Dept. 1999). The *Berens* decision is not entirely on point, since there, the court did not discuss the precise question [presented] here, rather, it seems to have assumed that there is a private right of action under ECL § 37-0107. Id. at 521-22. Nonetheless, *Berens* does clearly suggest that such a private right of action exists, *and defendants did not address the issue further in their reply papers. Accordingly, defendant's motion to dismiss the fifth cause of action is denied*.

*Emerson Enterprises, LLC v. Kenneth Crosby Acquisition Corp.*, 2004 WL 1454389 at *9 (emphasis added, footnote omitted). In short, the Court denied the application to dismiss because it found that the defendant had failed to demonstrate its entitlement to the relief sought. In the same Decision and Order, the Court granted the defendant's motion to dismiss a separate cause of action brought under ECL Article 27. Notably, though, the plaintiff had not argued that ECL Article 27 provided a private statutory right to sue. Instead, as the Court observed, "plaintiff contends that Article 27, as well as common law, imposes and 'underlying duty' on defendants, which permits plaintiff to pursue *common law* claims for indemnification and contribution." *Id*. (emphasis in original). Accordingly, in the *Emerson Enterprises* decision, this Court never had to conclusively determine whether a private right of action exists under the ECL.

The Court now concludes, however, that no such private cause of action exists. In that regard, the weight of authority in New York is that the ECL does not provide a private

6

right of action. *See, Town of Wilson v. Town of Newfane*, 181 A.D.2d 1045, 581 N.Y.S.2d 962, 963 (4th Dept. 1992) ("Because the Environmental Conservation Law specifically authorizes the Attorney General to enforce 'any rule or regulation promulgated pursuant' to ECL article 27 (ECL 71-2727[2]), we conclude that the statute does not confer a private cause of action."). Moreover, although the *Berens* decision appeared to assume that such a private right of action existed, the Supreme Court, Appellate Division, Second Department, has subsequently held that the ECL does not provide a private cause of action. *Nowak v. Madura*, 304 A.D.2d 733, 757 N.Y.S.2d 773, 773-74 (2d Dept. 2003) ("That statute does not confer a private cause of action.") (*citing Town of Wilson v. Town of Newfane*).

## CONCLUSION

Plaintiff's cross-motion to amend the complaint [#15] is granted, and Defendant's motion to strike and dismiss [#7] is granted in part and denied in part as follows: The motion to strike is denied as moot, and the motion to dismiss the second cause of action is granted.

SO ORDERED.

Dated: May 29, 2009
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge